UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**REGINALD KENNETH WATSON, JR.**                                                      **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:24-CV-P111-JHM**

**ELIZABETHTOWN POLICE DEPARTMENT**                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Reginald Kenneth Watson, Jr., a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claim will be dismissed, but Plaintiff will be afforded an opportunity to amend the complaint.

### I. STATEMENT OF CLAIMS

Plaintiff sues the Elizabethtown Police Department (EPD). He alleges that on May 11, 2023, a man named James attacked him in his home, stabbing him. Plaintiff alleges that he stabbed James in self-defense. He states he was "detained by [EPD] and was not taken to the hospital until 9 hours later where we were told by the doctors that they was unable to tend to my wounds because of the time length from when I was stabbed till being brought to the hospital." He further alleges that his stabbing injuries were visible and that "he should have been taken straight to the hospital for medical attention because the injuries were extensive and involved open wounds and abrasions that can be associated with increased risk of skin superinfection if not appropriately cleansed and cared for."

Plaintiff asks for compensation "for neglecting immediate medical attention to me before deciding to interigate me for hours while I sat bleeding out from being stabbed."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. EPD

Plaintiff sues EPD. However, EPD is not a "person" subject to suit under § 1983 because municipal departments, such as police departments, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding

2

that a jail is not an entity subject to suit under § 1983). In this situation, Elizabethtown is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Regarding the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege that any action taken against him occurred pursuant to a policy or custom of Elizabethtown. Accordingly, Plaintiff's claim against EPD/Elizabethtown must be dismissed for failure to state a claim upon which relief may be granted.

### B. Opportunity to amend

Before dismissing the action upon initial review, the Court will allow Plaintiff to file an amended complaint to name any individuals who he alleges denied him treatment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a

3

plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

### III. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claim against EPD is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate EPD as a party to the action as no claims remain against it.

**IT IS FURTHER ORDERED** that **on or before June 20, 2024**, Plaintiff shall file an amended complaint in accordance with the instructions above.

The Clerk of Court is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms.

Plaintiff is **WARNED** that should he fail to file an amended complaint within the time allowed, the action will be dismissed for the reasons stated herein.

Date: May 22, 2024

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
4414.009